UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21 CV 601 CDP |
| ) | |
| CHARISSE HILL, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Derrick Brown filed this complaint *pro se* alleging that defendants violated his rights in connection with a St. Louis County family court case. His complaint purports to bring claims for "contract fraud, collusion, violation of Title 18 Section 242, Missouri Law 565.153 Violation, Extortion, Fifth Amendment Violation, Breach of Contract, Intentional Interference with Visitation Rights, [and] Intentional Infliction of Emotional Stress." ECF 1 at 4. Plaintiff alleges this Court has federal question and diversity jurisdiction over his claims, as he is a citizen of Colorado and defendants are alleged to be citizens of Missouri. ECF 1 at 4-6.

Plaintiff's entire statement of claim is as follows:

1. All defendants have participated in fraud, kidnapping, deprivation of my rights, extortion, perjury.

> 2. It happened over 10 years ago and is still happening today.
>
> 3. It happened in St. Louis family court.
>
> 4. Parental Alienation, physical, mental, financial distress.
>
> 5. My son and I have been a victim of St. Louis County kids for cash scam. The courts and the lawyers in this case colluded against me during my fraudulent family hearings.  Forced with the threats of violence from courts and lawyers to extort money from my family and Deprived of Due Process under the color of law.  Forced to sign fraudulent paperwork that was not and will not be enforced unless it involves terrorizing me as a custodial parent.  Charisse M. Hill and Natasha McKhee have been allowed to commit perjury and kidnapping of my son.  Entered into verbal and written contracts that Charisse M. Hill knew that she would not uphold.  Charisse M. Hill has violated Missouri state law 565.153 among others.

ECF 1 at 7.  Plaintiff's complaint is accompanied by a 56 page document entitled "Complaints" which includes a recitation of various laws and cases.  ECF 1-1.  It does not, however, include any additional factual allegations.

Four of the named defendants have been served and move to dismiss the complaint for failure to state claims against them, or alternatively, for a more definite statement.[1]  Because plaintiff's complaint fails to state claims against any of the defendants, it will be dismissed without prejudice.

---

[1] The Court construes *pro se* defendant Natasha McKhee's motion to dismiss [36] liberally, and grants her leave to file it out of time.  Defendant McKhee having now been granted leave to file a responsive pleading out of time, plaintiff's motion for entry of Clerk's Default [33] will be denied.

**Discussion**

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," with each allegation being "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Under Rule 12(b)(6), a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion a complaint "must include enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A legally sufficient complaint will allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation, providing more than just labels and conclusions. *Twombly*, 550 U.S. at 555.   Plausibility is not equivalent to probability, but it is something "more than a sheer possibility that a defendant has acted unlawfully." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).  "The question . . . is not whether [a plaintiff] might at some later stage be able to prove [their claims]; the question is whether [a plaintiff] has adequately asserted facts (as contrasted with naked legal conclusions) to support his claims." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012).

3

In reviewing the complaint, the Court must accept all of plaintiff's factual allegations as true and draw all inferences in his favor. But the Court is not required to accept the legal conclusions he draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012). Additionally, the Court "is not required to divine [plaintiff's] intent and create claims that are not clearly raised, . . . and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (cleaned up). To survive dismissal, plaintiff's allegations must be based on factual information that makes the inference of culpability plausible. *See Iqbal*, 556 U.S. at 682.

Here, plaintiff has failed to plead any factual allegations that would permit the Court to conclude that he has stated any claims for relief against any of the defendants. Plaintiff fails to properly identify the defendants, as his complaint simply contains a one-word description after each defendant's name, such as "grandma" after defendant McKhee's name and "lawyer" after defendant Dennis's name. The complaint does not allege how any defendant allegedly violated any of plaintiff's rights, nor does it contain any specific factual allegations that would permit the Court to even discern what plaintiff claims actually happened to him. Plaintiff cannot state a claim against any defendant in the absence of any factual allegations. For example, plaintiff purports to bring a breach of contract claim, but

4

he does not even plead the nature or terms of the contract, much less any facts which would evidence its alleged breach.  His bare-bones assertions about "fraud," "collusion," and "extortion," without any supporting factual allegations whatsoever, do not permit the Court to reasonably infer that any misconduct occurred or that any of the defendants may be liable for it.  For this reason, plaintiff's complaint will be dismissed for failure to state a claim against all defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss [8, 23, 26, 36] are granted only as follows, and plaintiff's complaint is dismissed without prejudice as to all defendants for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of Clerk's Default [33] is denied.

A separate Order of Dismissal in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2021.

5